Herring, impl., etc., *et al. v.* Woodhull.

GRANVILLE HERRING, impl. with Julius P. Thorne *et al.,* Appellants, *v.* FRANCIS M. WOODHULL, Appellee.

APPEAL FROM WINNEBAGO.

An indorsement may be on the face of a bill or note; and any form is sufficient which manifests an intention to make a transfer.

The assignment of a note, the payment of which is secured by mortgage, carries the mortgage with it.

A note secured by mortgage indorsed to A and B, entitles each to one-half the note and its proceeds, as well as the security, and neither can transfer any other or greater interest.

Upon a bill filed by C, which avers that A was authorized to assign the interest of B and the mortgage security to the complainant, and A and B are summoned by publication, and make default, this allegation will sustain a decree,

taken *pro confesso*, declaring that the whole interest in the note was assigned by A to B.

Where a note was given in 1854, for the purchase of land, bearing ten per cent. interest, a decree of foreclosure of such a note and the mortgage security, should only be rendered for six per cent., and interest over six per cent. which may have been paid, should be credited.

THIS bill of complaint, filed by Woodhull, states that on the 18th of January, 1854, Granville Herring, of Winnebago county, Illinois, was indebted to Benjamin Moffatt, then of the same county, but now deceased, in $1,200, and made his promissory note for that sum, payable with interest annually at ten per cent., to said Benjamin Moffatt or bearer, five years from date.

To secure the payment of the note, Granville Herring, on the same day, made to Benjamin Moffatt a mortgage in fee of eighty acres of land described therein, lying in the county of Winnebago.

Subsequently, on April 15, 1856, Herring mortgaged the east half of the land to the Racine and Mississippi Railroad Company, the east half of the premises mortgaged to Benjamin Moffatt, to secure payment of $1,000, and that company has assigned the mortgage to some person or persons unknown.

There is due on the mortgage to Benjamin Moffatt, $1,200, with interest from 18th January, 1858.

In May of the year aforesaid, Benjamin Moffatt, for a valuable consideration, assigned the note and mortgage to Daniel C. Moffatt and Hezekiah H. Moffatt, by a written guarantee on the note, and by an instrument in writing under seal, and the instrument, note and mortgage were delivered to them.

On the 25th of April, 1857, Daniel C. Moffatt, then having the note and mortgage in his possession, and being by Hezekiah H. Moffatt authorized to do so, for and in behalf of himself and the said Hezekiah H. Moffatt, assigned the note and mortgage to complainant Woodhull in writing, and delivered the same to Woodhull; and he avers that Hezekiah H. Moffatt authorized the delivery of the note and mortgage by the said Daniel C. to him, Woodhull, for the purpose of assigning

the same, and thereby assigned his interest therein to the complainant, Woodhull.

That defendant Thorne, the railroad company and persons unknown, claim some interest in the premises.

Defendants to answer without oath. Prayer for the usual decree for sale of premises for the mortgage money, and for general relief.

There is also appended to the bill as part thereof, an assignment of the note and mortgage, under the hand and seal of Benjamin Moffatt, dated May 6, 1854. It purports to be annexed to the mortgage, and in consideration of $1,200, sells, assigns, transfers and sets over to Hezekiah H. Moffatt and Daniel C. Moffatt, "the annexed mortgage and the promissory note therein described," and all moneys secured thereby, and all "my right, title and interest in the real estate therein described." "And I do hereby authorize the said Hezekiah Moffatt and Daniel C. Moffatt, in my name or otherwise, to collect and obtain payment of the same, in the same manner as I could, had not these presents been executed." Habendum of the note, mortgage deed and premises mentioned therein, to Hezekiah and Daniel Moffatt, their heirs, executors, administrators and assigns forever. Also a covenant that the money is unpaid, and of right to assign, and a guaranty that the money shall be paid according to the note and mortgage, and a covenant to pay the money himself in case it shall not be so paid.

There is also annexed to the bill an assignment from Daniel C. Moffatt to the complainant. It purports that Daniel C. Moffatt, in consideration of $1,352.50, grants, bargains, sells, assigns, transfers and sets over to Woodhull the mortgage, which was, by Benjamin Moffatt, duly assigned to Hezekiah H. Moffatt and Daniel C. Moffatt, by deed dated May 6, 1854, together with the note accompanying the mortgage, and all the moneys and interest, with habendum to Woodhull, his executors, administrators and assigns. "And I do hereby make " Woodhull " my attorney, in my name, or jointly with the name of the said Hezekiah H. Moffatt, or otherwise, to take all lawful means for the recovery of the money, and to

discharge the same, as fully as I or the said Hezekiah H. Moffatt might do if these presents were not made." Also a covenant that the sum above mentioned is due on the note and mortgage, and "that I have the right to sell, transfer and assign the same as aforesaid." Date, April 25, 1857.

Writs of summons were issued and served upon Granville Herring, the Racine and Mississippi Railroad Company, and Julius P. Thorne.

The answer of Granville Herring sets up that at the time of the making of the note and mortgage, he purchased of Benjamin Moffatt the land described in the mortgage, and for part of the purchase price made the note and mortgage, and the note and mortgage were not made to secure the payment of money loaned ; and the consideration was none other than the purchase money for the land. The purchase money was made at Howard, Winnebago county, Illinois, at the time when the note and mortgage were executed, and not elsewhere, or at any other time, and he insists that the note is usurious as to all the interest above six per cent.

The complainant, Woodhull, when he purchased the note and mortgage, had notice of consideration ; and he insists that Woodhull is not entitled to recover the usurious interest, whether he had notice or not.

He has no knowledge of the assignments, but presumes they are truly copied.

He never executed any mortgage of the land mentioned in the bill, to the Racine and Mississippi Railroad Company, and that company do not, to his knowledge, claim any interest in the mortgaged premises, or any part thereof; and he insists he is not liable for the costs of that company or unknown persons parties.

He paid upon the note and mortgage, four sums of $120 each, at the end of one, two, three and four years respectively from date, or thereabouts, and they were indorsed upon the note. And he insists that those payments shall be applied towards the discharge of the principal, and such interest, if any, as may be lawfully charged.

A replication was filed.

An affidavit of the non-residence of defendant, Hezekiah H. Moffatt, and the unknown persons defendants, was filed, and notice to them was published.

The cause was heard at February term, 1862, and the decree was entered March 5, 1862. It states that the bill was taken for confessed against the defendants, other than Granville Herring. It declares that Granville Herring made the promissory note described in the bill; that Woodhull is the *bona fide* holder and indorsee of that promissory note, and assignee of the mortgage; that the note and mortgage have been assigned to Woodhull in the manner in the bill described, and are now due and unpaid, and that the sum of $1,695.66 is due thereon. It decrees that, within thirty days, Granville Herring pay to Woodhull the money and interest, and costs, and that on default, the master sell the premises in the manner directed by the decree, subject to redemption.

An appeal was taken and perfected.

The errors assigned are, that the decree declares that the writing, called in the bill a promissory note, is a promissory note, when it is not, by custom of merchants or statute.

It declares Woodhull to be the indorsee of the note, when it was not negotiable, and was not indorsed to him.

The decree declares that the note and mortgage had been assigned to Woodhull; whereas, a valid assignment of the whole, or more than a moiety, is not shown.

The decree finds $1,695.66 due on the note and mortgage, including ten per cent. interest after due, instead of six.

It allows ten per cent. interest on the note and mortgage, when no interest was allowable at any time, or at most not more than six per cent.

The decree ought to have been in favor of Granville Herring, and not for Woodhull.

BURNAP & HARVEY, for Appellants.

The alleged note is not a promissory note, because it appears to be subjected to conditions contained in another paper. Story on Prom. Notes, p. 25, sec. 22, first sentence.

It was not indorsed.    3 Peere Williams, 420, 439 ; 6 Statutes at Large, 42 ; 4 Louisiana, 303.

The guaranty written under the note was not negotiable, not naming a guaranty.    Story on Prom. Notes, p. 648, sec. 484.    It would not work an assignment of the note under any circumstances.

The note was absolutely void as to all interest above six per cent., in the hands of any party.    Rev. Stat., ch. 54, pp. 294, 295, secs. 1—4 ; Stat. Ill. 1849, sec. 2 ; *Conkling* v. *Underhill*, 3 Scam. 388.

Complainant should have an express assignment and note from H. H. Moffatt ; making him a defendant does not supply this defect.

Disregarding this defect, violates the rule in equity, which is, to do complete justice between all parties interested, and close every opening to new litigation.    Story's Eq. Pl. 85, sec. 72, latter part ; *Knight* v. *Knight*, 3 Peere Williams, 351 ; *Caldwell* v. *Taggart*, 4 Peters, 202, 203 ; *West* v. *Randall*, 2 Mason, 190, 191.

The parties contracted for ten per cent. interest until the money fell due, and no longer.    The ten per cent. then ceased. *Brewster* v. *Wakefield*, 22 Howard, 118 ; *McComber* v. *Dunham*, 8 Wend. 550 ; *U. S. Bank* v. *Chapin*, 7 Wend. 471 ; *Ludwick* v. *Hartsinger*, 5 Watts & Serj. (Penn.) R. 51 ; *Hall* v. *Gaillard*, 1 Nott & McCord S. C. R. 67.

In *Phinney* v. *Baldwin*, 16 Ill. 108, the words purported extra interest to continue after note fell due.

The four one hundred and twenty dollar payments ought to apply on principal as well as lawful interest.    *Hadden* v. *Innes*, 24 Ill. 394, 395.

J. M. WIGHT, for Appellee.

The note and mortgage in question in this cause are not subject to the defense attempted in this cause by the appellant.

The appellee is the *bona fide* holder of the note by indorsement, and of the mortgage by assignment.

The note is properly indorsed, the indorsement being on

the face, which is sufficient, it not being necessary that an indorsement shall be on the back of a note. Byles on Bills, 115; Story on Prom. Notes, 121; Chitty on Bills, 227; 16 East, 6, (end of the case); 1 Strange, 18; 6 How. Miss. R. 60; 26 Ill. 208.

The indorsement is sufficient in form. Any form may be used which manifests an intent to transfer the note (Story on Prom. Notes, 121); and figures put on a note for that purpose have been held to be an indorsement.

This indorsement is sufficient in form. It is a guaranty, such as has been held to be good to any holder of the note as a guaranty, and as sufficient to convey and transfer the title in the note to such holder as an indorsement. 3 Scam. 489; 20 Verm. R. 499.

The assignment of the mortgage is sufficient. It is stated in the bill, that by and with the consent and authority of H. H. Moffatt, D. C. Moffatt assigned the mortgage to the appellee. H. H. Moffatt was made a defendant in appellee's bill, and it was taken for confessed against him.

The defense cannot be made against a *bona fide* holder of a note. It is a sort of modified usury, (see 19 Ill. 121), and subject to the rules that govern the defense of usury; the statute giving it being no broader than the statute allowing the parties to plead usury. 3 Scam. 388; 24 Ill. 345, 347. See also, 14 Ill. 51.

Interest was paid on this note twice, (to wit, June, 1857, and January, 1858), after the act of 1857 went into effect. Was not such payment a legalizing of the note after it became lawful to make such notes? It must be true that the payment must stand as it was made. It was a voluntary payment, made on account of interest, and no other application of the payment can now be made.

Although the note in form requires the ten per cent. to be paid as interest, was not the supposed interest, in point of fact, a part of the purchase price of the land, and, in equity, recoverable as such, though called interest; and will not this court, for the purposes of justice, look through the form of the transaction to its substance?

The note in question, notwithstanding its reference to the mortgage, is a negotiable promissory note. See 31 Eng. Com. Law R. 180 ; 18 Ill. 563 ; 19 Ill. 392.

It was proper to compute interest at the rate of ten per cent. to the date of the decree. 16 Ill. 108.

BREESE, J. The first point made in this case is, that the note was not properly indorsed, the transfer being on the face of the note. Literally, indorsement means a writing, *in dorse*, upon the back of the bill or note. But it is well established, that though such is its import, it may be made on the face of the bill, and numerous indorsements may be made on a separate paper, called an *allonge*. Chit. on Bills, *227; *Yarborough* v. *Bank of England*, 16 East, 12 ; *Rex* v. *Bigg*, 1 Strange, 18 ; Story on Promissory Notes, sec. 121 ; *Gibson* v. *Powell*, 6 Howard (Miss.) 60. And any form is sufficient which manifests an intention to transfer the note. *Morris* v. *Bird*, 11 Mass. 436.

This indorsement is in the form of a guaranty, and is sufficient to convey and transfer the title in the note to the holder, as an indorsement. *Heaton* v. *Hulbert*, 3 Scam. 489; *Partridge* v. *Davis*, 20 Verm. 499. This principle is well established.

We do not suppose there was any necessity for assigning the mortgage. When the note was indorsed, that carried with it the mortgage, the note being the principal debt, and the mortgage but an incident. *Lucas et al.* v. *Harris*, 20 Ill. 165. By the indorsement of the note and mortgage by Benjamin Moffatt to Daniel C. and Hezekiah H. Moffatt, they became entitled each to one-half the note and its proceeds, and to one-half the mortgage security, and no more ; and neither one could transfer any other or greater interest in the same.

The bill filed by appellee, claimed the whole interest by virtue of the assignment of Daniel C. Moffatt to him, and the decree passed to that extent, declaring the appellee the owner of the whole mortgage, and of the moneys that should arise from the sale of the mortgaged premises.

He insists here, as there was a charge in the bill, that Heze-

kiah H. Moffatt had authorized Daniel C. Moffatt to assign the mortgage and deliver the note and mortgage to appellant, and as that charge was not denied by H. H. Moffatt, it must be taken for true, and must bind him. There was no actual notice to either of the Moffatts, by summons, of the pendency of the bill, but a publication only, and on their non-appearance, their default was entered, and the matters in the bill taken as confessed. We should think, as notice by publication is, by law, a sufficient notice, the parties so notified must be deemed to be in court, and subject to any legal decree or judgment of the court, and that H. H. Moffatt, by his default, is precluded from denying the fact of the assignment of the mortgage, and of his interest in it.

The appellant sets up, as a part of his defense, that the note was for a usurious consideration, and submits proof that the note was given for the purchase price of a tract of land, and for nothing else, and that ten per cent. interest was reserved thereon.

This note was made in 1854, while the first three sections of the act of 1849, regulating interest, were in force. By those sections, but six per cent. interest could be reserved on such a contract. The appellant shows that he has paid a large portion of interest computed at ten per cent. per annum. This he may avoid, and the decree for more than six per cent. per annum is erroneous. The bill and exhibits and testimony will be referred to the master in chancery, to take an account of interest paid over and above six per centum per annum, and the interest calculated at six per centum per annum, and no more, which, with the principal sum added, will be the amount of the sum which the Circuit Court of Winnebago county will render in the cause. The costs of this court to be equally divided between the parties.

*Decree modified.*