JOHN A. MCAYEAL *et al.*

*v.*

NAOMI GULLETT.

*Opinion filed April 24, 1903.*

1. EVIDENCE—*maker of note not competent in a suit by legatee.* The maker of a note is not a competent witness to testify in his own behalf with reference to the consideration for the note, where the plaintiff sues as a legatee.

2. SAME—*what does not show that the plaintiff is not a legatee.* Proof that the note sued upon bears an endorsement from the plaintiff, as executrix, to a third party, and from the third party to the plaintiff, is not alone sufficient to overcome the plaintiff's testimony that she held the note as a legatee.

3. INSTRUCTIONS—*it is proper to modify statements of facts by words "if any."* It is proper to modify assertions of facts in an instruction by the words "if any," since it is not the province of an instruction to state facts positively, unless they are undisputed.

4. CONTRACTS—*transaction with member of board of trade presumed to be in conformity with its rules.* In an action by a legatee on a note, if the evidence shows that the payee was a member of the Chicago Board of Trade and the note was given in connection with a transaction on the board, the rules of the board are admissible in evidence, and will be presumed to control the transaction in absence of any other agreement.

*McAyeal v. Gullett,* 105 Ill. App. 155, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Ford county; the Hon. JOHN H. MOFFETT, Judge, presiding.

This was a suit against the appellants, John A. McAyeal and Charles D. McAyeal, begun by attachment in the circuit court of Ford county by the appellee, Naomi Gullett. The declaration was in assumpsit on a promissory note for $1000, with eight per cent interest, payable to A. T. Gullett, dated December 14, 1888, and due fourteen months after date. The appellee sued as legatee of A. T. Gullett, deceased. Appellants pleaded the general issue and three special pleas, two of which were after-

wards withdrawn. The remaining special plea was that the note was given in settlement of a gambling contract, and therefore void. The jury found for appellee, and judgment was entered in her favor for $2030.15, which was affirmed by the Appellate Court, and appellants have further appealed to this court.

The note was payable to the order of A. T. Gullett, who was the husband of appellee, and who died February 12, 1890, leaving a will. By the will he gave to his wife the full use, control and benefit of the rest and residue of his property so long as she remained his widow, and provided that all moneys, securities and other property remaining in the hands of his executors at the final settlement of his estate should be paid and delivered to his wife. On final settlement in August, 1896, this note was turned over to appellee, as directed in the will. The note bears these endorsements: "Pay to J. E. Ragsdale. —Mrs. A. T. Gullett, executrix estate of A. T. Gullett, deceased." "Pay to Mrs. A. T. Gullett.—J. E. Ragsdale." "Pay to Naomi Gullett, as legatee under the will of A. T. Gullett, deceased.—Naomi Gullett, executrix of the estate of A. T. Gullett, deceased."

L. A. CRANSTON, and A. L. PHILLIPS, for appellants.

RAY & DOBBINS, (CLOUD & MOFFETT, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

On the trial, appellee, by leave of court, struck out the first two endorsements on the note, and the court refused to allow appellants to give them in evidence, and gave an instruction that they were not to be considered by the jury as in evidence in the case. The court also refused to allow appellant John A. McAyeal to testify as to the consideration of the note, and as to the transactions in settlement of which the note was given. These rulings are assigned as error.

Appellee sued as legatee of the payee named in the note, and invoked the second section of the act in regard to evidence to exclude the testimony of appellant John A. McAyeal. This section provides that "no party to any civil action, suit or proceeding  *  *  *  shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends  *  *  *  as the executor, administrator, heir, legatee or devisee of any deceased person,  *  *  *  unless when called as a witness by such adverse party so suing or defending." Appellants insist that by assigning the note to Ragsdale the benefit of the statute was lost, and that when it again came into the hands of appellee she took it as purchaser from Ragsdale, and no longer held it, if she ever did, as legatee of the original payee, and that therefore it was error to allow the first two endorsements, tending, as they claim, to show these facts, to be stricken out. In further support of this contention they point to the second endorsement, which is to Mrs. A. T. Gullett individually. The only testimony given on the subject is that of appellee, who testified that she received the note as legatee on final settlement of A. T. Gullett's estate, that she endorsed it over to Ragsdale, and that it was returned to her by him. This evidence tended to prove that she received the note back in the same capacity in which she assigned it, and the judgment of the Appellate Court is conclusive of the fact. Even if the court erred in not admitting these endorsements, the error was harmless, as appellants did not offer any proof to overcome appellee's testimony that she held this note as legatee. Without further proof the jury would not have been authorized to find that she held the note as purchaser. Appellee suing as legatee, the makers were not competent witnesses to testify to the consideration of the note.

The plea of the defendants was that the note was given for losses sustained by gambling in grain, and they

tried their case on that plea. The jury and the Appellate Court have found against them, and it only remains to examine the errors alleged on this branch of the case.

The court modified several of the instructions offered by appellants by inserting the words, "or what is called a gaming or gambling contract," after the word "option." We see no impropriety in this modification. The statute makes the giving of an option a gambling contract.

The court, on its own motion, gave to the jury two instructions, which appellants characterize as "defendants' instructions written by the court." They object to the clauses in these instructions which direct the jury to consider all the circumstances and facts, "if any are developed by the evidence, and surrounding the parties at that time, if any," and to the words "if any," modifying certain statements in the instructions. They claim that these expressions were calculated to raise a doubt in the minds of the jury as to the existence of the facts the statement of which is so qualified. We do not think this construction is justified. The jury are to determine the facts from the evidence, and it is not the province of the instructions to state the facts positively, unless they are undisputed. The fact of appellants having engaged in gambling deals with A. T. Gullett was vigorously denied by appellee and could not be stated as a positive fact in any instruction.

Appellants urge that the admission in evidence of the rules of the board of trade of Chicago, the giving of appellee's fourth instruction, and the refusal to give an instruction for appellants in reference to these rules, were all erroneous. There was evidence tending to show that A. T. Gullett dealt on the board of trade for appellants, and the rules were properly admitted. Appellants have not thought them of enough importance to abstract them. The instruction given for appellee was proper under the evidence, as it directed the jury that the transactions made by Gullett for appellants would be pre-

sumed to be in conformity to the rules of the board of trade, "in the absence of any other agreement or understanding."

Objections are made to appellee's ninth, tenth and eleventh instructions as not being based on any evidence. We have examined the evidence and find that these instructions were proper.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*