## Philip Kistner v. Hettie J. Peters.

1. AMENDMENT—*what does not bar right to.* The right to amend is not precluded by the fact that prior to application therefor and making thereof, a demurrer has been overruled and abided by.

2. PROMISSORY NOTE—*right of holder of, to make indorsement over signature of indorser.* The holder of a promissory note has the right at any time during the pendency of an action thereon to make indorsement over the signature of the indorser, if not inconsistent with the contract implied by law.

Attachment proceeding. Appeal from the Circuit Court of Effingham County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the August term, 1905. Affirmed. Opinion filed March 22, 1906.

JACOB ZIMMERMAN and WRIGHT BROS., for appellant.

R. C. HARRAH and S. F. GILLMORE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit commenced by attachment by appellee against appellant. Afterwards a declaration was filed, stating that on March 18, 1895, E. M. Rinehart, since deceased, Philip Kistner, the defendant, and Philip Wiwi, since deceased, made their promissory note payable to the order of Rosa M. Rinehart, one year after date for the sum of $1,000 with interest at the rate of six per cent. per annum, and delivered the same to her; that the said Rosa M. Rinehart then and there, at the time and place aforesaid, assigned said note by indorsement thereon under her hand, to the plaintiff, by means whereof said makers became liable to pay plaintiff the amount of said promissory note, and being so liable promised to pay her said amount according to the tenor and effect of said note, etc.

Appellant craved *oyer* of the note declared upon and the indorsement thereon, which was granted by the court and the note and indorsement read. The note was in the ordinary form of a promissory note. The indorsement thereon was as follows: "I hereby acknowledge myself as principal maker of this note with E. N. Rinehart, and my liability as such principal jointly with him.

March 18, 1895.                    ROSA M. RINEHART."

Appellant thereupon demurred to the declaration and, his demurrer being overruled by the court, elected to abide by the same. An order of default was entered against appellant and the court proceeded to assess appellee's damages.

Appellee offered in evidence the note described in the declaration and asked leave to precede the indorsement on the back thereof with the words "for value received I assign the within note to Hettie J. Peters and." Attorneys for appellant were present and objected to the court granting leave to appellee to make such indorsement. The court however overruled the objection, granted leave to appellee to make the indorsement named and the same was

thereupon written upon the back of the note, preceding the former indorsement. Judgment was entered in favor of appellee against appellant Kistner for the amount of the note and the interest due thereon. Proper exceptions were preserved, an appeal was taken to this court by Kistner, and arrangements made between counsel for the respective parties that the attachment should be released when the appeal bond was filed.

Appellant claims that the court below erred in overruling his demurrer to the declaration and also in allowing the additional indorsement to be made upon the note at the trial and in rendering judgment against him in favor of appellee.

After the additional indorsement was placed upon the note, the objection to it, urged by appellant and raised by the demurrer, was removed. If the amendment was otherwise a proper one to be made, appellee was not barred of his right to make it by reason of the fact that before it was made appellant had filed his demurrer and abided by the same when overruled by the court.

Section 1 of the Statute of Amendments and Jeofails provides "that the court in which an action is pending, shall have power to permit amendments in any process, pleading or proceeding in such action either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein." The question then arises whether the indorsement made on the trial was a legal and proper one to be made.

Appellant contends that by the original indorsement Rosa M. Rinehart became one of the makers of the note, the same as though she had signed the note with the others in the usual place for signing; that the note was therefore one made payable to the maker or to one of the makers, and cites Hately v. Pike, 162 Ill. 241, to the effect that "where a note is payable to the order of the maker of it, it has no validity until it is indorsed and transferred by the payee who is at the same time the maker;" that the signature placed at the bottom of the original indorsement, or state-

ment, on the back of the note was simply for the purpose of constituting her a joint maker of the note and for no other purpose; that consequently the note is a mere nullity and that no right or liability could be created under it until she had indorsed it, by writing her name in another place on it, and transferred it. If, however, the signature of Rosa M. Rinehart upon the back of the note in itself operated to transfer and vest the title to the note or gave authority to appellee to fill in the assignment, as was done on the trial, it must follow that it was such an indorsement as gave vitality to the note.

In Heaton v. Hulbert, 3 Scam. 489, a note bore the indorsement " for a valuable consideration I guaranty the payment of the within note. May 23, 1823, O. B. Heaton," and the court held that Heaton was an indorser, so far as to transfer to and vest in the plaintiff to the suit the legal title to the instrument, and a guarantor for all other purposes.

In Herring v. Woodhull, 29 Ill. 92, the court says in speaking of the indorsement of a note " this indorsement is in the form of a guaranty and is sufficient to convey and transfer the title in the note to the holder as an indorsement. This principle is well established."

In Judson v. Gookwin, 37 Ill. 286, the form of an indorsement was:   "I guarantee the collection of the within note" and it was signed by the payee of the note.   Objection was made that this was a special contract of guaranty and as such not negotiable so that an action could be maintained in the name of the assignee. The court held that it was nothing more than a statutory indorsement of the note and that the right of action was perfect in the assignee of the note to recover of the indorser.

In Herring v. Woodhull, *supra*, it is also said, that any form of indorsement is sufficient which manifests an intention to transfer the note.

The declaration charges that Rosa M. Rinehart at the time and place of the making of the note assigned the same by indorsement thereon under her hand, to appellee.   Daniel

on Negotiable Instruments, 4th ed., sec. 667, says: "When we speak of a negotiable instrument being indorsed to a party, the idea of its being transferred and delivered to him for a consideration is included, the term indorsement including delivery for value to the indorsee."

We see no reason why the original entry on the back of this note signed by Rosa M. Rinehart should exclude the idea of an assignment or indorsement of the note to the party to whom it was delivered at the time for value, any more than would a guaranty written on the note and signed by the payee.

We are of opinion that appellee, the holder of the note, had a right to enter any words of assignment on the back of the note preceding the former entry, not inconsistent with such former entry. This the court below rightfully permitted to be done.

The declaration to which appellant made default and the note with its indorsements introduced in evidence, made a case entitling appellee to the judgment which was given in his favor.

The judgment of the court below will be affirmed.

*Affirmed.*