### William Blue et al. v. A. J. Keenan et al.

1. JUDGMENT BY CONFESSION—*when should be set aside.* A 'judgment by confession should be set aside where the affidavit of merits discloses a defense that the attorney's fees provided for in the note and the action in taking judgment thereon constituted a mere shift to avoid the usury laws.

Judgment by confession. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

KERRICK & BRACKEN, MILES K. YOUNG and EARL D. RIDDLE, for appellants.

OWEN & OWEN and WELTY, STERLING & WHITMORE, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment by confession, rendered by the Circuit Court on October 21, 1905, in favor of appellees, and against appellants and one D.

L. Buckworth, jointly, for the sum of $4,573 and costs. The note upon which the judgment was taken is dated at LeRoy, Illinois, March 8, 1905, for the sum of $4,000 with interest at the rate of seven per cent. from date until paid, payable to D. L. Buckworth or order, two years after the date thereof. It bears the signatures of appellants and the payee, Buckworth, and the following indorsement: ''For value received, I hereby assign all right, interest or title in the within note, to I. N. Porter or bearer. D. L. Buckworth.'' Included in the body of the note is a warrant of attorney in the usual form, authorizing Owen & Owen, or any attorney at law, at any time after date, to confess judgment for the amount due on the note, with costs and $400 attorney's fees. The declaration is signed by Owen & Owen as attorneys for the plaintiffs.

The *cognovit* filed with the declaration is signed by M. A. Brennan as attorney for the defendants, and confesses judgment in the usual form for the sum of $4,573 and costs, including $400 attorney's fees.

On November 18, 1905, appellants entered a motion in said cause to have the judgment vacated and an execution which had been issued thereon, recalled. In support of such motion the affidavit of appellant Vance and a joint affidavit of appellants Blue and Vance were filed. A number of counter-affidavits were then filed by appellees. Whereupon appellants moved to strike the same from the files; which motion was overruled. The court then proceeded to hear the motion to vacate the judgment and recall the execution, and upon consideration thereof, overruled the same.

It is urged by counsel that the affidavits of appellants disclose a number of different defenses to the note. The only one which we deem it necessary to now consider, is that based upon the statement in the affidavit of Vance to the effect that ''Such note is usurious; that the rate of interest thereon is seven per cent. and that an attorney's fee of $400 is included in said note for service of taking judgment thereon, and is

included in the judgment herein;" and that "an attorney's fee much above what was fair and reasonable was put into said note, and this was done with the knowledge of plaintiffs and with the understanding between said Buckworth, Owen & Owen and plaintiffs that a less amount than $400 would be charged as attorney's fees for the service of taking judgment, for the purpose of augmenting the amount of interest which said promissory note would bear."

If the foregoing facts are sufficient to constitute a *prima facie* defense, it was the duty of the court to have opened up the judgment and allowed such defense to be made and the issue tried by a jury. Vennum v. Carr, *ante,* p. 309. Whether or not the court erred in refusing to strike the counter-affidavits from the files, is therefore immaterial. We are of the opinion that the allegations of the affidavit above quoted are, if true, sufficient to establish, *prima facie* at least, the defense of usury to the note. It has, as contended, been held that a provision for an attorney's fee in a note, does not ordinarily constitute usury (Mumford v. Tolman, 157 Ill. 258), and we are not prepared to hold that the sum provided in the present note would under ordinary circumstances be unreasonable. If, however, a note of that kind and character drawing the maximum rate of interest allowed by law, provides for a larger attorney's fee than would have otherwise been inserted, under an understanding between the maker, payee and the attorneys, who contemplate entering and do enter judgment upon the note, that the same was not for the sole purpose of indemnifying the payee against legal expenses of collection, but as a means of affording him greater compensation for the use of the money represented by the note than the legal rate provided by the statute, the note is usurious.

While it may be that the facts therein set out are not averred with sufficient detail and certainty to constitute a good and formal plea of usury, we think the affidavit was substantially sufficient to warrant the

court in holding that a *prima facie* good defense to the note existed, if the facts alleged were established by proof. The abstract shows that the prayer of the motion in question was for the vacation of the judgment and the recall of the execution, only. The proper motion under the circumstances was not that the judgment be vacated but that it be opened and that the defendants be permitted to plead to the merits, the judgment to stand as security until the issues involved were formed, tried and determined, by a final judgment thereon. It may be presumed, however, that had the motion been granted, the court would have, in due course, ruled or permitted the defendants to plead, upon the condition suggested. The judgment will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*