## A. J. Keenan et al., Appellees, v. William Blue et al., Appellants.

1. NEGOTIABLE INSTRUMENTS—*rights of bona fide purchaser for value before maturity.* A *bona fide* purchaser of a negotiable instrument with a warrant to confess judgment attached is entitled to recover the principal called for by the note together with his attorney's fees where judgment has been confessed, in the absence of any competent evidence tending to show that such purchaser had notice or knowledge of the alleged equities sought to be interposed by way of defense.

2. NEGOTIABLE INSTRUMENTS—*when assignment passes legal title to.* An indorsement upon the back of a promissory note as follows: "For value received I hereby assign all right, interest or title in the within note to I. N. Porter or bearer, March 14, 1905," passes the legal title.

3. NEGOTIABLE INSTRUMENTS—*effect of naming fictitious person as payee.* There is no statute in this state forbidding or restricting the use of the name of a fictitious person as payee or transferee of a negotiable instrument, and in the absence of any such statute a negotiable instrument payable to the order of a fictitious person is to be treated as if made payable to bearer and is transferable by delivery.

4. WITNESSES—*when incompetent by virtue of interest.* In an action upon a promissory note the makers are incompetent to testify upon their own behalf where it is conceded that the adverse parties acquired their title as legatees of the owner of the note.

Judgment by confession. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 24, 1908.

T. C. KERRICK, BRACKEN, YOUNG & PEIRCE and EARL D. RIDDLE, for appellants.

WELTY, STERLING & WHITMORE, LESLIE J. OWEN and BARRY & MORRISSEY, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

On October 21, 1905, appellees, A. J. Keenan and L. C. Keenan, doing business under the name of J. Keenan's Bank, recovered a judgment by confession in the Circuit Court of McLean county against appellants, William Blue and James Vance, and one D. L. Buckworth, for the sum of $4,573.40. The judgment was confessed by M. A. Brennan as attorney for the defendants under a warant of attorney contained in a promissory note for the sum of $4,000, bearing date March 8, 1905, payable two years after date to D. L. Buckworth or order. The warrant of attorney authorized Owen & Owen or any attorney at law to confess judgment on the note in favor of the legal holder for the amount thereof and costs and $400 attorney fees. The note bore an endorsement upon its back as follows: "For value received I hereby assign all right, interest or title in the within note to I. N. Porter or bearer; March 14, 1905. D. L. Buckworth."

Appellants thereafter appeared and moved to vacate and set aside the said judgment and recall the execution which had been issued thereon. Upon the denial of said motion appellants prosecuted an appeal to this court where it was held that the facts set forth in an affidavit in support of said motion, if true, constituted a good defense of usury to the note, and that appellants should have been permitted to plead to the merits. Blue v. Keenan, 130 Ill. App. 312. Upon the re-docketing of the cause and the entry of an order opening the judgment, staying execution and granting appellants leave to plead, a demurrer to the declaration was sustained by the court and appellees, by

leave of court, amended their declaration, whereby they alleged that the said D. L. Buckworth on March 14, 1905, assigned the said note for a valuable consideration by his endorsement thereon to one I. N. Porter or bearer, the said I. N. Porter being then and there a fictitious person, and that appellees were the bearers and legal holders of said note. After demurrer overruled to the declaration as amended appellants filed several pleas, the first three being verified. The first plea denied the assignment for value by indorsement and delivery; the second denied that the note was indorsed or delivered by appellants for value, and the third denied that I. N. Porter was a fictitious person and was known by Buckworth to be fictitious.

The fourth, fifth and sixth pleas alleged certain misrepresentations on the part of Buckworth affecting the consideration of the note in question, and that when said note was executed the said Buckworth gave to appellants his note for $4,000 as indemnity against the note in question, which they had signed for the accommodation of Buckworth; that afterwards Buckworth became a bankrupt and appellants filed their claim against his estate, which claim was based upon and represented the said $4,000 note so taken and held by them as indemnity or security for their liability on the note sued on in this case; that appellants received as dividends from the estate of the said bankrupt upon their claim as allowed, the sum of $906.34, which sum, together with interest thereon from the date of its receipt, they brought into court ready to be paid for the use of Buckworth upon the note sued on if appellees should be adjudged the owners of Buckworth's right and interest therein; and that Buckworth was discharged in bankruptcy and remained and was insolvent.

The seventh plea alleged usury as to the attorney's fees, and presented the defense which upon the former appeal was held to entitle appellants to plead to the merits. Appellees joined issue on the first, second and

seventh pleas and replied to the fourth, fifth and sixth that J. Keenan, doing business as J. Keenan's Bank, and to whom the note in question was negotiated, in his lifetime had no notice or knowledge of the restrictions, promises and representations or any or either of them as alleged in said pleas, but that he purchased the said note in good faith for a valuble consideration.

Upon the trial of the case before a jury two witnesses were called to testify on behalf of appellees, viz., Wesley M. Owen and the appellee A. J. Keenan. Owen testified that he was a member of the firm of Owen & Owen and that at the time of the note transaction his firm had for collection several claims against Buckworth amounting to $700 and $800, among which was one in favor of his half-brother, Thomas Owen, for $400; that Buckworth applied to his firm as brokers to negotiate a sale of the note; that he went to J. Keenan's Bank and talked with the appellee A. J. Keenan, cashier, and asked him if the Bank would buy the note; that Keenan said they would if the bank's note against Buckworth of $1,750 was taken out, and if it could be arranged so that Buckworth would not know the bank was getting the note; that Keenan suggested making the assignment to I. N. Porter or bearer; that he told Keenan he would see what could be done about it, and went back and told Buckworth his firm could dispose of the note if Buckworth would pay them $80 commission and assign the note to I. N. Porter or bearer, and permit Owen & Owen to deduct from the proceeds the amount of the claims held by them, and an additional claim of $1,750; that Buckworth said "Very well," and he (witness) wrote the assignment on the back of the note and read it to Buckworth who asked in substance if Porter lived near or around here, but that he did not answer the question; that Buckworth executed the assignment without knowing that Porter was not a real person; that Porter was in fact a fictitious person; that he took the note to Keenan,

the cashier, who deducted the amount of the note
for $1,750 held by the bank against Buckworth, and
credited the account of Owen & Owen with the bal-
ance of the $4,000; that witness deducted $75 for his
firm's services and the amount of the claims held by
them against Buckworth, including the $400 claim
of their half-brother, Thomas Owen, and paid over
the balance, something like $1,500, to Buckworth.

On cross-examination of this witness appellants
sought to show that at the time of the transfer of
the note witness had knowledge of its accommodation
character, and the restrictions placed upon it, and
that its execution had been obtained by false and
fraudulent promises and representations. This effort
was made on the theory that the witness was also
acting for the bank in the matter of the transfer, and
that any knowledge possessed by him was a part of
the transaction and chargeable to his principal, the
bank; but the court sustained objections to the ques-
tion as not being proper cross-examination.

Appellee A. J. Keenan testified that at the time of
the transfer of the note, his father, Joseph Keenan,
owned and was operating the J. Keenan's Bank, and
that the transaction was had with him alone; that
he was the only person connected with the bank
who talked about it; that Joseph Keenan died testate
on the 19th day of September, 1905, and the note
was an asset of the bank. Appellees also offered
in evidence the last will and testament of Joseph
Keenan, by the first clause of which all the as-
sets of the bank were given to appellees in equal
shares to vest in them absolutely and in fee simple
on the date of the testator's death, and by the last
clause of which appellees were appointed executors
of the will. The last codicil to the will directed that
out of the other assets of the estate appellees should
pay to themselves the amount of any loss or deprecia-
tion in the notes held by the bank at the testator's
death. It was conceded that appellees never paid

anything for the note, but that they took the same as legatees under the will of their father. Appellants objected to the admission of the note and assignment in evidence upon the ground that appellees were not shown to have the legal title to the note and that the assignment did not convey the legal title thereto to their father.

Upon the overruling of such objections and at the close of the evidence introduced in behalf of appellees, appellants moved the court to find the issues for them except as to the sum of $972.42, paid into court, which motion was denied. Appellants thereupon offered themselves as witnesses to prove the facts set up in their pleas, but upon objection as to their competency on the ground that appellees were suing either as legatees or executors of a deceased person, appellants were not permitted to testify. Thereupon the court gave to the jury a peremptory instruction to find the issues for the appellees, and after overruling a motion for a new trial entered as its judgment on the verdict that ''the judgment entered herein on the 21st day of October, 1905, in favor of the plaintiffs and against defendants for $4,573.44, stand in full force and effect as of the time of its rendition.'' The judgment included the sum of $400 for attorney's fees as provided in the note and warrant of attorney to confess judgment.

We shall consider appellants' several contentions in the not altogether logical order in which they are presented. It is first urged that it was admitted by appellees under the pleadings in the case that the note in question was without consideration and fraudulent in its inception; that appellees could only recover upon said note as holders in good faith of commercial paper and then only to the extent of their good faith, which could in no event exceed the face of the note, and that the court therefore erred in including in the amount of the judgment against appellants the sum of $400 for attorney's fees.

The fourth, fifth and sixth pleas filed by appellants after setting out the facts relied upon as constituting fraud and want of consideration, specifically alleged that Joseph Keenan, the assignee of said note, had notice and knowledge of such facts.

The replication filed by appellees denied that said Keenan had notice or knowledge of the facts alleged in said pleas as a defense, and the burden was thus cast upon appellants to prove the allegations in their pleas in that regard. Bemis v. Horner, 165 Ill. 347. It was established by the evidence that Joseph Keenan, through whom appellees derived title to the note, paid full value therefor and no competent evidence was offered by appellants tending to show that he had any notice or knowledge of the facts alleged in the several pleas filed by appellants. In the absence of any evidence tending to impeach the good faith of Joseph Keenan or the appellees as holders of the note in question, appellees were entitled to recover the amount fixed in the note and warrant of attorney as and for their attorney's fees, and the court did not err in rendering judgment against appellants therefor.

It is next insisted that the writing on the back of the note signed by the payee Buckworth, viz., "for value received I hereby assign all right, interest or title in the within note to I. N. Porter or bearer, March 14, 1905," did not constitute such a transfer or assignment of the note as vested the legal title thereto and right to sue thereon in Joseph Keenan or the appellees. As sustaining this contention appellants cite Aniba v. Yeomans, 39 Mich. 171, and Ellsworth v. Varney, 83 Ill. App. 94, which are typical of other cases cited and relied upon, and in which it is held that the words "I hereby transfer my right, title and interest in the within note," or like words written on the back of a note, do not constitute a commercial indorsement of the note. In the cases cited the question arising upon such an indorsement

was considered with reference to the nature of the liability of the indorser to the indorsee, and not as to whether the legal title to the note passed by such indorsement. The right of the persons purporting to be the assignees of the notes there involved, to sue thereon in their own names, does not appear to have been questioned or determined. For this purpose it has been held that any form of indorsement is sufficient which manifests an intention to transfer the note. Herring v. Woodhull, 29 Ill. 92; Kistner v. Peters, 223 Ill. 607.

It is next urged that regardless of the language of the assignment, the note itself shows no transfer to either Joseph Keenan or the appellees; that the transfer, if any, was to I. N. Porter or bearer, and that under the statute the legal title to the note could not be transferred by delivery so as to cut off defenses or enable the holder to sue thereon in his own name without indorsement by the person named.

The statute invoked by appellants would be decisive here if I. N. Porter named as transferee was a real and not a fictitious person. It is uncontroverted that the note in question was executed by appellants as accommodation paper for the accommodation of Buckworth. No restrictions, conditions or limitations upon the use of the note by Buckworth were imposed by appellants in writing upon the note and there is no evidence in the record tending to show that any such restrictions, conditions or limitations, if made by appellants, were brought to the knowledge of Joseph Keenan at or before the time he became the holder of such note. In Naef v. Potter, 226 Ill. 628, it was said: "The very nature of accommodation paper presupposes that there was no consideration given for it— consequently no cause of action can ever be maintained by the accommodated party against the accommodation maker, and if the transferee of accommodation paper gets no greater right than the accommodated party has, the result would be to eliminate ac-

commodation paper from commercial transactions.''
The use which Buckworth might make of the note did
not under the evidence concern appellants. It is estab-
lished by the evidence that I. N. Porter named by
Buckworth as transferee of the note was a fictitious
person.

There is no statute in this state forbidding or re-
stricting the use of the name of a fictitious person
as payee or transferee of a negotiable instrument,
and in the absence of any such statute a negotiable
instrument payable to the order of a fictitious person
is to be treated as if made payable to bearer and is
transferable by delivery. 1 Randolph on Commer-
cial Paper, Par. 161. The authorities cited by appel-
lants which hold that under section 4 of chapter 96
Hurd's Stat. 1905, 1408, the legal title to a note pay-
able to a person named as bearer cannot be trans-
ferred by delivery without indorsement under the
hand of the person named, so as to give the holder or
bearer the right to sue thereon in his own name, can
have no application where the person named as payee
or transferee is fictitious.

Assuming that the witness Owen, who negotiated
the transfer of the note to Joseph Keenan, was the
agent of the latter in the transaction, and that his
knowledge of any defense to the note was imputable
to his principal, there is no evidence in the record
tending to show that he had any such knowledge.

It is urged that the trial court improperly sustained
objections to questions propounded to the witness
Owen upon his cross-examination. An examination of
the record discloses that such objections interposed by
appellees were sustained by the court upon the ground
that the questions propounded to the witness were not
proper cross-examination. The ruling of the trial
court in that respect was correct.

It being conceded that appellees acquired their title
to the note in question as legatees under the will of
Joseph Keenan, appellants were incompetent to testify

as witnesses in the case on their own behalf, and the court properly refused to permit appellants to so testify. McAyeal v. Gullett, 202 Ill. 214.

Upon the trial of the issues, after leave given to appellants to plead, the evidence introduced upon behalf of appellees having established their right to a recovery and appellants having introduced no countervailing evidence, the trial court properly gave to the jury a peremptory instruction to find the issues in favor of the appellees. The verdict and judgment were in proper form. Lyman v. Kline, 128 Ill. App. 497.

We perceive no substantial error in the record and the judgment of the circuit court will be affirmed.

*Affirmed.*