Vansant *v.* Allmon.

---

WILLIAM D. VANSANT, Appellant, *v.* ANDREW J. ALLMON *et al.*, Appellees.

### APPEAL FROM MARION.

Under a general prayer for relief, a court may modify the specific prayer of a bill, and decree a sale of the whole instead of a part of certain premises; with or without declaring a specific lien.

The debt is a principal thing, and the mortgage is only an incident, and the assignment of the evidence of indebtedness carries the mortgage with it. The mortgage is a collateral security for each installment of indebtedness, as it becomes due.

A creditor by note and mortgage may pursue several remedies, until his debt is satisfied.

A judgment on a note secured by mortgage, which remains unsatisfied, is no bar to a proceeding to foreclose; or the two suits may be pending at the same time.

Vansant v. Allmon.

A strict foreclosure of a mortgage does not extinguish the debt, unless the value of the land is equivalent to the indebtedness.

If a defeasance in the usual form in a mortgage deed provides, that if the notes are not paid as they become due, that the mortgage is forfeited to that extent, the holder of a note is not obliged to wait for the whole indebtedness to ripen, before he can proceed to collect.

A party cannot complain of an error, which in no wise affects his interest, or which makes to his advantage.

The assignee of a note is in equity regarded as the purchaser of all the securities and remedies attached to it; and may pursue them at his discretion. So may the assignees in succession, of separate parts of the same debt.

The assignee of the first due of several notes secured by mortgage, has a priority of claim, and can foreclose and sell. The holders of the other notes can redeem in succession, according to privilege.

THE facts of this case are sufficiently stated in the opinion of Mr. Justice BREESE.

This decree was pronounced by O'MELVENY, Judge.

HAYNIE, WILLARD & PARRISH, for Appellant.

S. BRYAN, for Appellees.

BREESE, J. Amos Grable, on the 22nd September, 1857, purchased of William A. Marshall, certain tracts of land in Marion county, in this State, and received a conveyance therefor, for the sum of five thousand six hundred and seventy-nine dollars and ninety-nine cents, executing his four several notes therefor, the first for $1,200, due April 1, 1858; the second for $1,573 $\frac{33}{100}$, due April 1, 1859; the third for $1,493 $\frac{33}{100}$, due April 1, 1860, and the last for $1,413 $\frac{33}{100}$, due April 1, 1861, and executed a mortgage on the land to secure the payment of these notes, bearing date on the same 22nd day of September, 1857, which was duly recorded. In the fall of 1858, Grable sold and conveyed the premises to William D. Vansant.

Before the maturity of the second note for $1,573 $\frac{33}{100}$, the first having been fully paid by Grable, Marshall assigned it to the complainant, Andrew J. Allmon, and not being paid at maturity, Allmon filed this bill, making Grable, Vansant and Marshall, defendants, and praying that on a final hearing a decree may be entered " that your orator have a specific lien upon the aforesaid premises, for the amount of his debt, and that unless the same be paid by a short day to be fixed by the court, the premises, or so much thereof as may be necessary to pay your orator, be sold, subject to the incumbrance of the two of the said four promissory notes which are not yet due, or that your honor will order and decree that a part of the premises aforesaid, to wit: the south-east quarter of section twenty-three aforesaid, will be sold, and the proceeds applied to pay your

orator's debt, and the remainder of the said premises stand as a security for the payment of the two promissory notes not yet due," with a prayer for general relief.

The defendants were duly brought in—a decree *pro confesso* taken against Marshall and Grable, and an answer filed by Vansant under oath—the oath not being waived, and the cause heard on the bill and answer; no replication being put in, the answer not denying any of the allegations of the bill of complaint, and a reference to the master to compute the amount due complainant on the note. The master reported $1,611.87 due, and the court thereupon decreed that the defendants do within thirty days pay complainant said sum, and in default thereof the master in chancery sell the mortgaged premises in the bill described, to wit: The S. ½ of Section 23, and the N. E. ¼ of the S. E. ¼ of Section 22, all in Township 2 North, Range 2 East, subject to the amount of the other notes in the mortgage specified and not paid.

From this decree the defendant Vansant appeals, and assigns for error: 1. That whilst the bill prays for a specific lien and a sale only of a portion of the mortgaged premises, and subject to the notes not due, the decree is for a sale of the entire premises, subject to the amount of the other notes when due. 2. That no equitable right exists under a bare assignment of a note, the note on its face not referring to any mortgage, and no assignment by deed of the note and mortgage. 3. That the remedy at law is complete, and was enforced as appears by the pleadings, the complainant having a judgment at law against the maker of the note. 4. That the covenant of defeasance in the mortgage deed, in its terms postpones the remedy by foreclosure and sale, until the last note becomes due. 5. The decree compels a sale for payment of part of the debt, subject to the outstanding notes, while the holders of those notes are not parties to the bill. 6. The decree orders and directs that the defendants shall pay the amount found due by the master, or a sale had.

The defeasance in the deed is as follows: "Provided always, and these presents are upon this express condition, that if the said party of the first part, his heirs, executors or administrators, shall well and truly pay, or cause to be paid, to the said party of the second part, his heirs, executors, administrators or assigns, the aforesaid sum of money, with the interest thereon at the time and in the manner specified in the above mentioned notes, according to the true intent and meaning thereof, then and in that case these presents shall be void, otherwise to remain in full force."

We do not consider any of the errors well assigned. It was

entirely competent for the court under the general prayer of the bill, to modify the specific prayer, and instead of decreeing a specific lien on a portion of the premises which might possibly cut off the right to redeem, to decree a sale of the whole, without any reservation of the rights of the holders of the notes not due. That the court decreed a sale subject to those rights, is a matter to which the complainant in the bill might well object, but as it is for the defendant's advantage and benefit, he cannot be allowed to question it.

It is a well settled and familiar principle, that the debt is the principal thing, and the mortgage only an incident—a mere security for the payment of the debt, and therefore, an assignment of the note or evidence of indebtedness, carries with it the mortgage. *Lucas et al.* v. *Harris*, 20 Ill. R. 169. This being so, it is wholly unnecessary that the note on its face should refer to the mortgage, or that there should be any assignment by deed of the note or mortgage. A release of a debt secured by mortgage, need not be under seal. *Ryan* v. *Dunlap*, 17 Ill. R. 40. The mortgage is a collateral security for each note as it may become due.

Upon the other point, we understand that a creditor by note and mortgage has several remedies, either and all of which he may pursue until his debt is satisfied. He may bring his action upon the note; or put himself in possession of the rents and profits by an ejectment after condition broken, or, if the mortgage be recorded, proceed by *scire facias* on the record and obtain a judgment to sell the land; or he may file his bill in chancery for a strict foreclosure of the equity of redemption, which courts will allow under a proper state of circumstances, or file a bill for foreclosure and sale, which is the usual practice in this State. If the creditor obtains judgment on the note, a sale of the land under the execution is a sale only of the equity of redemption, and the money raised by the sale is satisfaction of the mortgage *pro tanto*, and he may have ejectment against the purchaser upon the mortgage, if he does not himself become the purchaser if the mortgage, is not fully satisfied. A judgment on the note, without satisfaction is no bar to a proceeding in equity to foreclose, and the two suits may be pending at the same time. *Jones* v. *Conde and Wife*, 6 Johns. Ch. 77; *Booth* v. *Booth*, 2 Atk. 343; *Perry* v. *Barker*, 13 Vesey, Jr. 205; *Dunkley* v. *Van Buren*, 3 Johns. Ch. 330. Upon a strict foreclosure, if the value of the land be equal to the debt, the debt is considered as satisfied, but it does not operate as an extinguishment of the debt unless the land is of equal value. It is, not unfrequently, a matter of agreement between the mortgagor and mortgagee, the

3

land being about equal to the debt, that there shall be a strict foreclosure, in which case, no equity of redemption remains.

As to the fourth error assigned, counsel have misunderstood the character of the defeasance and its terms. It is in the usual form, and is an express covenant, that if the notes are not paid as they become due, the mortgage is forfeited to that extent. It is not claimed that the whole debt became due, nor is this proceeding for anything more than the note due. There can be no fair pretense under the terms of this defeasance that the creditor was to wait until the last note became due.

The fifth error, if it be one, cannot operate to the injury of the plaintiff here. If the rights of persons, not parties to the bill, are protected by the decree, so that the defendant is not injured thereby, he cannot complain. But it is presumable that Marshall, to whom the notes not due, were given, continued to hold them, as there is no suggestion that he had parted with them, and he is one of the defendants to the bill.

As to the sixth and last error, the court, in pronouncing the decree, directed that if the defendants did not pay the amount found due, by the day named, the premises should be sold, subject to the notes not due.

Marshall, under no circumstances set forth in the proceedings, could be required to pay a sum of money which he did not owe legally or equitably, but as he does not complain of it, and it is for the benefit of the plaintiff here—certainly not to his injury—we would not reverse the decree on that account. The money is due to the complainant, and that the land should be sold subject to the notes not due, is the complainant's prayer.

The real question in the case, and which the plaintiff here desires to raise, and to have determined, is, as to the right of the holder of one of a series of notes all secured by one and the same mortgage, to foreclose and sell when his note becomes due; in other words, whether the holder of the note first due, is entitled to priority of payment. We have no doubt upon the question, although decisions of respectable courts are at variance. In the case of *Donley* v. *Hays*, 17 Serg. and Rawle, 400, it was held by a divided court that there was no priority; that the holders of the notes were to come in each one for his equal proportion, and no more. GIBSON, Chief Justice, was of a different opinion. He said, as we say, the debt was the principal and the mortgage an accessory; consequently, the assignment of a particular part of the debt, was an assignment of the mortgage, not *pro rata*, but *pro tanto*.

The assignee of a note must be regarded, at least in equity, as a purchaser for a valuable consideration, of all the securities the assignor had for the particular debt, and of all his remedies,

with the right to use them as he may think proper, and as fully and beneficially as the assignor himself might, or could, use them. This rule holds among assignees in succession of separate parts of the same debt.

In Alabama (*Collum* v. *Erwin*, 4 Ala. 452,) it was held that the assignment of any one of the notes mentioned in the mortgage, carried with it, *pro tanto*, the mortgage, and should first be satisfied out of the mortgaged property.

In Ohio, (*Bank of U. S.* v. *Covert*, 13 Ohio, 240,) the court say, where a mortgage is given to secure money payable by installments, it obviously should be applied first to pay the notes first due; for the obligation to pay the first may be enforced against the property before any default in later payments.

In New Hampshire, (*Hunt* v. *Stiles*, 10 N. H. 466;) it was held where but one of the notes secured by mortgage had fallen due, on entry to foreclose, that the mortgaged property, on foreclosure, must be applied first in payment of such note.

In Indiana, (*State Bank* v. *Tweedy*, 8 Blackford, 447,) it was held that the different installments in a mortgage, when secured by corresponding notes, may be regarded as so many successive mortgages, each having priority according to its time of becoming payable.

This court, in *Sargeant* v. *How et al.*, 21 Ill. R. 148, say, " there can be no question of the right of the payee or assignee to foreclose a mortgage given to secure the payment of several sums falling due at different times, when default shall be made in the payment of those first maturing. And as the complainant, by the assignment of these notes, (to him,) has succeeded to all the rights which the payee held under them, it follows that he has a right, upon the maturity of these notes, and a default in their payment, to insist upon a sale of all or so much of the trust property as may be necessary for their payment." In this case, the notes in the hands of complainant were part of a series of notes, secured by a deed of trust on the same property.

We hold then, that the assignee of the note first due, where several notes are given, secured by mortgage, is entitled to satisfaction out of the mortgaged property—that he has a priority, and can foreclose and sell to satisfy his claim. The holders of the other notes can redeem in succession, according to their priority, as they become due.

We discover no error in the decree injurious to the plaintiff here, and accordingly affirm it, with this direction to the master on selling, to offer the tracts separately in such subdivisions as may be most likely to fetch a reasonable price.

*Decree affirmed.*