PHILIP KISTNER

*v.*

HETTIE J. PETERS.

*Opinion filed October 23, 1906—Rehearing denied Dec. 11, 1906.*

1. BILLS AND NOTES—*one may be a joint maker regardless of position of signature.* One may be a joint maker of a note regardless of the position of his signature, whether upon the face or back of the note, provided it be shown by satisfactory evidence that the parties signing did so as joint makers.

2. SAME—*legal effect of an endorsement.* The legal effect of an endorsement upon the back of a promissory note includes, first, a transfer of the title to the note, and second, unless otherwise limited, an additional promise to pay the same.

3. SAME—*when an endorsement is, in effect, an endorsement in blank.* The name of the payee endorsed upon the back of a promissory note transfers the legal title and must be treated as an endorsement in blank, notwithstanding there is written over the payee's name the words, "I hereby acknowledge myself a principal maker of this note with E. N. Rinehart, and my liability as such principal jointly with him," where there are other signers besides the one mentioned.

4. SAME—*party may write consistent contract over endorsement in blank.* Where the endorsement upon the back of a promissory note is in blank, actually or in legal effect, the assignee may write any words over the signature consistent with the contract of endorsement, and may do so at any time before or at the time of the trial in an action on the note.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Effingham county; the Hon. W. M. FARMER, Judge, presiding.

On March 18, 1895, E. N. Rinehart, Philip Kistner and Ph. Wiwi executed a promissory note to Rosa M. Rinehart in words and figures following:

*"March 18, 1895.*

"One year after date we promise to pay to the order of Rosa M. Rinehart one thousand dollars at Effingham, Illinois, value received, with interest at the rate of six per cent per annum.

E. N. RINEHART,
PHILIP KISTNER,
PH. WIWI."

On the same date Rosa M. Rinehart made the following endorsement on the back of the note:

"I hereby acknowledge myself a principal maker of this note with E. N. Rinehart and my liability as such principal jointly with him.

ROSA M. RINEHART."

The appellee, Hettie J. Peters, subsequently began a suit in attachment in the circuit court of said Effingham county against appellant, Philip Kistner, the only surviving maker of the note. The declaration, after reciting the making of the note, payable to Rosa M. Rinehart, and its delivery to her, and the death of the makers other than the defendant, alleged that on the day and date aforesaid the said Rosa M. Rinehart then and there assigned the said note, by endorsement thereon under her hand, to the plaintiff, Hettie J. Peters, by means whereof the makers, including the defendant, Philip Kistner, then and there became liable to pay her the amount of said note, and being so liable, made default.

The defendant craved oyer of the note and the endorsement thereon, which was allowed by the court, and he thereupon demurred to the declaration upon the ground that there was a variance between the endorsement and the allegations contained in the declaration. The demurrer was overruled and he elected to stand by it. A default was then entered against him and the court proceeded to assess the damages. The plaintiff offered in evidence the note, and asked leave to write, preceding the above endorsement, the words, "For value received I assign the within note to Hettie J. Peters,

and," making the whole endorsement read: "For value received I assign the within note to Hettie J. Peters, and I hereby acknowledge myself a principal maker of this note with E. N. Rinehart and my liability as such principal jointly with him.—March 18, 1895.—Rosa M. Rinehart." The defendant objected to the additional words, but the court overruled the objection and permitted the endorsement to be made. Judgment was then entered by default in favor of the plaintiff for the amount of the note and costs. That judgment has been affirmed by the Appellate Court, and this further appeal is prosecuted.

JACOB ZIMMERMAN, and WRIGHT BROS., for appellant.

R. C. HARRAH, and S. F. GILMORE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The appellant claims that the trial court erred, first, in overruling his demurrer; and second, in allowing the additional endorsement to be made. As we understand his counsel, his contention is that the allegation of the declaration that the note was assigned to appellee is at variance with the legal effect of the endorsement on the back of the instrument, in that the endorsement was not legally an assignment, but by its terms Rosa M. Rinehart became a joint maker. The decision of this question will turn upon the legal effect, if any, to be given to the writing first endorsed on the note.

It is earnestly contended that by the endorsement Rosa M. Rinehart became a joint maker of the instrument. With this contention we cannot agree. It is undoubtedly true that one may become liable as a joint maker of a promissory note without reference to the position of his signature, whether it be found upon the face or back of the note, if it be shown by satisfactory evidence that the parties signing did so as joint makers. In other words, it is immaterial

223—39

upon what part of the paper the signature of a party may appear, *provided it be shown by satisfactory evidence that in signing it he did so intending to become a joint maker.* *Lincoln* v. *Hinzey,* 51 Ill. 435, goes to this extent but no farther. Ordinarily the signatures of parties to negotiable instruments have a well understood position on the paper. The payee is named in the body of the note, the makers sign it upon its face below the body of the instrument, and the endorser or guarantor signs his or her name upon the back. Under the foregoing rule, however, the position of the names is not of controlling importance if an intention be satisfactorily shown to bind the parties as makers or guarantors. In this case the note was made and signed in conformity with the usual and ordinary custom. It was made payable to Rosa M. Rinehart and signed at the bottom by E. N. Rinehart, Philip Kistner and Ph. Wiwi. The name of Rosa M. Rinehart was signed upon the back, which made her an endorser in blank unless the words preceding her signature show a different intention, and the person to whom she delivered it, so endorsed, became the legal owner, authorized to maintain an action upon it. (Hurd's Stat. 1903, chap. 98, sec. 4, p. 1278.) "In its most general and literal signification an endorsement is an incidental or subsidiary writing upon the back of the paper or document to the contents of which it relates or pertains." (4 Am. & Eng. Ency. of Law,—2d ed.—256.) "It may consist merely of the name, commonly called an endorsement in blank, or it may be limited or specific; but under the law merchant its legal effect includes properly, first, a transfer of title to the instrument endorsed; and secondly, unless otherwise limited, an additional promise to pay the same." (Ibid. 257.)

In determining what, if any, legal effect can be given to the words, "I hereby acknowledge myself a principal," etc., it must be borne in mind that Rosa M. Rinehart was, at the time of the endorsement, the payee of the note, and not a stranger or third party. The contention that she became a

joint maker of the note payable to herself, under the well settled rule, also insisted upon by counsel for appellant, that a note payable to the maker is without legal effect until assigned, renders the whole transaction a nullity, which we cannot presume was intended. An attempt to become the principal maker of a negotiable instrument with one of several makers is an anomaly in the law. Of course it may be done, but the evidence of that intention must clearly appear, and to give the endorsement in this case that effect would destroy the negotiability of the instrument and do violence to the intention of Mrs. Rinehart. She manifestly intended to assign the note to Hettie J. Peters. What purpose she may have had in the use of the language preceding her signature can only be a matter of conjecture. Probably it was with some idea of enlarging her liability as endorser. But however this may be, we will not attribute to that language the intention of relieving the makers of all legal liability. The name of the payee upon the back of a negotiable instrument will transfer the legal title to the same, and it makes no difference that there is written about it language enlarging the liability of the endorser, such as a guaranty of the payment of the note. *Heaton* v. *Hulbert,* 3 Scam. 489; *Herring* v. *Woodhull,* 29 Ill. 92; *Judson* v. *Goodwin,* 37 id. 268.

Our conclusion is that the language, "I hereby acknowledge myself a principal maker," etc., may be stricken out as surplusage, without legal meaning or effect, and that under the allegations of the declaration the signature of Rosa M. Rinehart makes her an endorser. In other words, the endorsement, unexplained, does not show an intention other than to assign and transfer the legal title of the instrument to the appellee.

As to the correctness of the ruling of the trial court in permitting the endorsement, "for value received," etc., preceding the writing first placed on the note, little need be said. If the endorsement was, in legal effect, in blank, as

we think it was, the assignee had the authority to write any words over the signature consistent with the contract of endorsement, and she might do that at any time before or during the trial of the case. (*Vansant* v. *Allmon,* 23 Ill. 30; *Maxwell* v. *Vansant,* 46 id. 58; *Boynton* v. *Pierce,* 79 id. 145.) Furthermore, the defendant having demurred to the declaration and elected to stand by his demurrer, was in no position to object to that endorsement. He was in no way injured by it.

We concur in the judgment of the Appellate Court, and it will accordingly be affirmed.          *Judgment affirmed.*

Mr. JUSTICE FARMER having heard this case in the circuit court took no part in its decision here.