S. W. LIGHTNER

*vs.*

## CHARLES E. ROACH, ALICE V. ROACH AND F. W. L. ROACH.

*Negotiable instruments: liability as endorsers; Chapter 119 of the Acts of 1898.*

Under the Negotiable Instruments Act, Chapter 119 of the Acts of 1898 (Code, Article 13, sections 13-208), if a person places his name on an instrument, other than as maker, drawer or acceptor, he is to be held only to the obligation of an endorser, unless he add words to indicate otherwise (section 82 of Chapter 119, Acts of 1898). p. 476

*Decided June 23rd, 1915.*

Appeal from the Circuit Court for Washington County. (KEEDY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Chas. D.* and *Frank G. Wagaman* submitted a brief for appellant.

*Wm. J. Witzenbacher* (with whom was *A. C. Strite* on the brief), for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

The appellant brought this suit to recover a balance due him as the payee of a promissory note dated the 21st day of November, 1908, made by one Charles H. Roach and endorsed to the appellant by Charles E. Roach, Alice V. Roach and F. W. L. Roach. The declaration, which was in assumpsit, contained three of the common money counts and a special count declaring against the three endorsers. The general issue plea was filed by the defendants. At the close of the testimony a judgment of *non pros.* was entered, by direction of the appellant, as to Alice V. Roach and F. W. L. Roach, and an additional count was filed by leave of the Court whereby Charles E. Roach was declared against as an original promissor. Under instructions from the Court, the jury returned a verdict for the defendant, Charles E. Roach, and from the judgment thereupon entered this appeal has been taken.

Of the several contentions made by the appellant, we will treat of but one, for, as that is the foundation stone of his right to recover, it will be decisive of the case.

The appellant testified that the note contained on the back thereof the names of the three endorsers when delivered to him; and that it was upon the faith and credit given by him to the endorsers that it was received by him. There was no proof whatever offered as to notice of non-payment to the endorsers.

The theory of the appellant is, that if one endorses a note before delivery to the payee or for the purpose of giving the maker credit, he is *prima facie* to be treated as a joint maker, and that notice of non-payment is not necessary to hold him liable; and cites authorities to that effect. That at one time this was the settled rule in Maryland, and a great many other jurisdictions, can not be questioned. But by reason of the irreconcilable conflict of decisions growing out of the many questions raised over negotiable instruments, efforts were made, during the latter part of the last century, to

have enacted a uniform negotiable instruments act, and thus render certain and uniform the rights and obligations of parties to commercial paper. It is a matter of common knowledge that this has long been one of the labors of the American Bar Association, so that at the present time its members have secured the passage of such legislation in forty-three States in this country, all, practically, agreeing in effect, and in a great many instances agreeing verbatim. The Maryland Legislature adopted it in 1898 by Chapter 119, now codified as Article 13, sections 13-208.

By section 82 of that Act it is provided as follows:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

Section 108 provides that notice of dishonor by non-payment must be given to each endorser, with some exceptions not involved in this case, and that every endorser not so notified is discharged.

Since the enactment of the Negotiable Instruments Act by the different States the questions raised by the preceding sections have received much judicial consideration, although they have not been raised directly in this Court. We have made a diligent search through the many State Reports, and have found an absolute unanimity of opinion. Everywhere it has been held that the words of section 82 are to be taken in their literal sense. That is, if a person places his name on an instrument other than as a maker, drawer or acceptor he is only to be held to the obligations of an endorser unless he adds words to indicate otherwise. The Act does not merely raise a presumption that he is an endorser, but his status to the instrument is absolutely fixed by it and can not be changed by parol proof: *Baumeister* v. *Kuntz*, 53 Fla. 340; *Montpelier Bank* v. *Lumber Co.*, 16 Idaho, 730; *Williams* v. *Bank*, 143 Ky. 781; *Pugh* v. *Sample*, 123 La. 791; *Toole*

v. *Crafts,* 193 Mass. 110; *Walker* v. *Dunham,* 135 Mo. App. 396; *Gibbs* v. *Guaraglia,* 75 N. J. L. 168; *Roessle* v. *Lancaster,* 114 N. Y. Supp. 387; *Perry Co.* v. *Taylor,* 148 N. C. 362, and *Pharr* v. *Stevens,* 124 Tenn. 670, are a few of the many cases so holding. In all the States holding views similar to this Court prior to the legislation the courts have expressly abrogated those old rules, and we, therefore, both by the reasoning and by the desire to comply with the spirit of the legislation as to uniformity, do declare our prior decisions on this point to be superseded.

It appearing from the note that the defendants placed their signatures on the back of the note without any words indicating their intention to be bound other than endorsers, they were in law only endorsers, and in the absence of notice of non-payment were discharged from all liability.

We mentioned above that section 82 had never directly been before this Court for consideration. By that we were referring to the fact that the case of *Keyser* v. *Warfield,* 100 Md. 72, and *same case,* 103 Md. 161, relied on by the appellant, was decided after the adoption of the Act in question, but the note, over which the controversy arose, was dated prior to the adoption of the Act; and in the opinion in 103 Md. it was expressly stated that the Act did not apply, and for the reason that by section 18 it was provided that the provisions of the Act did not apply to instruments made prior to the passage thereof, but it was also strongly intimated that the view held therein was only so held because the note antedated the Act.

*Judgment affirmed, with costs.*