**Irene Lange, Plaintiff-Appellee, v. Gene H. Shapiro, American Bookkeeping Associates, and Edward Zolla, Jr., Defendants.**
**On Appeal of American Bookkeeping Associates and Edward Zolla, Jr., Defendants-Appellants.**

Gen. No. 50,538.

First District, Second Division.

February 8, 1966.

Jay Erens, of Chicago, for appellants.

Arnold I. Kramer, of Chicago, for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a judgment by confession entered against three defendants.

This action was commenced by plaintiff, Irene Lange, on October 2, 1964, by the filing of a complaint and confession on a promissory note against Gene H. Shapiro, American Bookkeeping Associates (hereinafter also referred to as ABA) and Edward Zolla, Jr. (hereinafter referred to as Zolla). The note sued on was attached to the complaint and in substance states: "For Value Received, I promise to pay to the order of American Bookkeeping Associates, Inc. (an Illinois corporation) the principal sum and interest at the office of American Bookkeeping Associates, Inc. in Chicago." The note contains a standard confession of judgment clause by which "the undersigned does hereby authorize irrevocably any attorney of any court of record to appear for the undersigned . . . and to confess judgment without process against the undersigned." The note is signed in the place provided for the maker's signature, "Gene H. Shapiro." To the left of Mr. Shapiro's signature appears the following typewritten insertion:

Pay to the order of Irene Lange with full
recourse and warranty.
AMERICAN BOOKKEEPING ASSOCIATES, INC.
By: E. M. Zolla, Jr.,
By: E. M. Zolla, Jr.,
 Personal

Process was never served on any of the defendants. On October 5, 1964, the court, awarded judgment, based on the confession of judgment clause, against all three defendants in the amount of $3,247.92 and costs.

On October 22, 1964, two of the defendants, ABA and Zolla, filed a motion to vacate the judgment. The motion pointed out that the maker of the note was Gene H. Shapiro, that the note was payable to ABA, by Zolla as general manager, that ABA endorsed the note over to plaintiff, Irene Lange, and that Zolla also signed personally as an accommodation endorser below ABA's endorsement. The motion stated that Shapiro as maker of the note had given a warrant of attorney, to confess judgment against him, but that ABA and Zolla as endorsers thereof, had given no such warrant of attorney, and therefore prayed that the judgment be vacated as against them. Upon the filing of the motion, the court set the matter for a hearing on January 14, 1965.

At the hearing plaintiff testified over appellants' objection, to the execution of the note by Zolla for ABA, and Zolla personally, and that "she relied on the representations of Edward Zolla, Jr. that he would be personally bound under the terms of this note along with Mr. Shapiro and American Bookkeeping Associates, Inc." Mr. Charles Snedecker testified over appellants' objection to substantially the same effect.

The foregoing was all the evidence heard, and arguments were confined to the question of whether ABA and Zolla signed the note as comakers or as endorsers. Plaintiff's counsel argued that all three defendants, Shapiro, ABA and Zolla signed as comakers and therefore joined in the warrant of attorney to confess judgment. Counsel for ABA and Zolla argued that ABA and Zolla signed as endorsers and therefore did not join in the warrant of attorney given by Shapiro as maker.

At the conclusion of the hearing, the court denied the motion to vacate the judgment by confession as to ABA

436

and Zolla and ordered that the judgment be confirmed. On February 1, 1965, ABA and Zolla moved to vacate the latter order and this motion was likewise denied on February 18, 1965.

This appeal is taken by defendants, ABA and Zolla from, one, the original judgment by confession; two, the order of January 14, 1965, refusing to vacate it and ordering that it be confirmed; and three, the order of February 18, 1965, refusing to vacate the order of January 14, 1965.

Appellants' theory of the case is, one, that the capacity in which they signed the note was, as a matter of law, that of endorsers and not comakers; two, that the court erred in admitting parol evidence to contradict the capacity in which they signed the note; three, that these appellants, as endorsers, gave no warrant of attorney for judgment to be confessed against them; and four, that the judgment rendered against them is void for want of jurisdiction over the person.

Plaintiff's theory of the case is, one, that the signatures of defendants, ABA and Zolla, placed upon the front of the instrument, indicates that they were comakers of the promissory note; two, that in the alternative that the position of the signatures of the promissory note creates an ambiguity which should be construed against the perpetrators of the ambiguity; namely, ABA and Zolla, so as to place upon them the burden of proving in what capacity the promissory note was signed; and three, that even if the confession of judgment originally obtained was improper as to ABA and Zolla, their filing a motion to vacate and their participation in a hearing on the merits subjected appellants to the jurisdiction of the court and, therefore, the refusal to vacate the aforesaid judgment, or in effect, the confirmation thereof, is binding upon appellants.

. ■ We disagree with plaintiff that Zolla signed the face of the instrument in the capacity of a co-maker. The

437

capacity of the appellants clearly appears, from the face of the note, to be that of endorsers. The negotiable instrument law requires the capacity of a person placing his signature on a note to be determined from within the four corners of the note itself. Thus, we turn to an examination of the note in question.

■ The body of the note recites that it is payable to the order of ABA. It is signed by Gene H. Shapiro in the place provided for the maker's signature, namely, the lower right-hand corner. Thus, apparently, Shapiro is the maker and ABA is the payee. To the left of Shapiro's signature, the following words are typed in: "Pay to the order of Irene Lange with full recourse and warranty," and directly underneath those words are the signatures of ABA (by Zolla) and Zolla personally. Since ABA is the payee of the note, it was essential that it endorse the note over to the plaintiff, Mrs. Lange, in order for her to acquire title to it. See Ill Rev Stats (1961), ch 98, par 50. If plaintiff's argument that ABA signed as a comaker is correct, then she is faced with the anomalous result that she never acquired title to the note. Obviously no such result was intended. The words preceding the signature of ABA are clearly words of endorsement and negotiation. The words "full recourse and warranty" can only have reference to the obligation of ABA as payee, which by endorsement negotiated the note to Mrs. Lange, a subsequent holder, and thereby made certain warranties to all subsequent holders. See Ill Rev Stats (1961) ch 98, par 86.

■ ■ If there could be any doubt about the inevitability of this result, it has been laid to rest by our courts. They have held that where a note is payable to a named payee and that payee signs the note, his signature is deemed to be that of an endorser as a matter of law, and parol evidence is not admissible to vary or contradict this. Cohen v. Ets-Hokin, 219 Ill App 340 (1920); Kopf v. Yordy, 200 Ill App 409 (1916). Even

where the payee, in endorsing the note, has added language that "I hereby acknowledge myself a principal maker," the payee has been held to be conclusively an endorser as a matter of law, in order to make the transfer of the note effective and avoid an absurd result. Kistner v. Peters, 223 Ill 607, 79 NE 311 (1906).

■ Finally, the fact that ABA's signature appears on the face of the note rather than on the back thereof is of no consequence. It has long since been settled that a payee may effectively endorse a note either on the front or on the back, and the effect of the signature will be exactly the same in either case. Kistner v. Peters, supra.

■ We also disagree that Zolla signed the instrument in the capacity of a comaker. An examination of the note reveals that the typewritten words of endorsement on the face of the note are followed both by ABA's signature and by Zolla's personal signature. Zolla signed both on behalf of ABA and personally, and both signatures are an integral part of the same endorsement. Unlike ABA, however, Zolla is not otherwise a party to the note. His personal signature is out of the chain of title. He is therefore conclusively deemed, as a matter of law, to be an accommodation or "irregular" endorser.

The Negotiable Instruments Law, Ill Rev Stats (1961), ch 98, § 84, provides as follows:

> Where a person, not otherwise a party to an instrument places thereon his signature in blank before delivery, he is liable as endorser in accordance with the following rules:

> 3. If he signs for the accommodation of the payee, he is liable to all parties subsequent to the payee.

Furthermore, the motion of ABA and Zolla to vacate the judgment by confession alleges that Zolla was general manager of ABA and signed for the accommodation of ABA, and this has never been denied.

■

The case of Foster v. Merkle-Korff Gear Co., 233 Ill App 302 (1924), involved a situation almost identical to that in the case at bar. A note was executed by the maker payable to a named payee. The note was endorsed by the payee and also by Merkle-Korff Gear Co., which was not in the chain of title, and was delivered to the plaintiff. The court held that Merkle-Korff was an accommodation endorser and that the plaintiff had notice of that fact because its endorsement was not in the chain of title.

■ Moreover, parol evidence is inadmissible to vary the capacity of an accommodation or irregular endorser. Katz Finance Co. v. Levy, 241 Ill App 576 (1926) ; Kroll v. Hoyt, 214 Ill App 428 (1919). In the Kroll case, the note was, as in the present case, payable to a named payee. As in the present case, it was endorsed both by the payee and by another person not in the chain of title, and delivered to a subsequent holder. And, as in the present case, the holder contended that the person not in the chain of title was a joint maker. The court held that section 84 of the Negotiable Instruments Law (then section 82) fixed the status of the irregular endorser as that of an endorser, and that parol evidence was absolutely inadmissible to show a contrary intention.

■ Thus, appellants signed the instrument as endorsers, and it is well settled that one who merely signs a note as an endorser does not give a warrant of attorney to confess judgment.

In Doss v. Evans, 270 Ill App 55 (1933), the makers of a note signed a power of attorney to confess judgment and the defendant endorsed the note in blank. Judgment by confession was taken against both the makers and defendant as endorser. Subsequently the court vacated the judgment as to the endorser for lack of jurisdiction. The Appellate Court affirmed the vacation of the judgment, stating on page 57 :

There is no other liability upon a simple indorser of a note. Defendant in error in this case signed no power of attorney to confess judgment. His name upon the back of the note is well defined in the Negotiable Instruments Act, as it always has been defined at common law as a simple indorser and is not construed as authorizing the power of attorney to confess judgment any more than if it were a thousand miles away from the note. It has been held that the power to confess judgment must be clearly given and strictly pursued, otherwise the judgment confessed is void. (Citations omitted.) If there is no power of attorney to enter the appearance of the defendant and confess judgment, the judgment is a nullity and binds no one.

See also First Nat. Bank of Ava v. Yakey, 253 Ill App 128 (1929), which reversed a judgment taken by confession against one who had placed his signature on a note, on the grounds that he was an endorser and not a maker thereof.

█ Though we find that appellants, as endorsers, could not be bound by the warrant of attorney, we disagree with appellants that the invalidity of the warrant dismisses them from this cause of action. They filed a general appearance and waived any jurisdictional defect. The invalid warrant only voids the judgment as to appellants and does not take away the court's jurisdiction over them.

The order of February 18, 1965, denying the Petition to vacate the order of January 14, 1965, is reversed and the cause remanded with directions to allow the Motion to vacate the judgment against appellants and to proceed in a manner not inconsistent with this opinion.

Order reversed and cause remanded with directions.

BRYANT, P. J. and BURKE, J., concur.