## LESSER *v.* TODD CIGARETTE SERVICE CO., INC.

[No. 117, September Term, 1972.]

*Decided January 3, 1973.*

The cause was argued before MURPHY, C. J., and McWILLIAMS, SINGLEY, SMITH and LEVINE, JJ.

*Donald P. Mazor* for appellant.

*Stephen M. Ehudin,* with whom were *Needle, Ehudin & Schwartz* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

In the latter part of 1970 the appellant, Jesse Lesser, undertook to open a restaurant in Pikesville. Associated with him in the venture were Joseph Mandell and Nathan Herr. The trio had formed a corporation—"Nate's & Joe's Pressbox, Inc." to operate the restaurant. The appellee, Todd Cigarette Service Co., Inc. (Todd), agreed to lend the three men $7500 if it was afforded the exclusive right to place its cigarette vending machines in the restaurant. To this end a contract was prepared; it began with the heading "Nate's & Joe's Club House" and recited that in consideration of the $7500 loan "the undersigned" agreed to use Todd's vending machines exclusively for five years. The agreement was signed by "Joseph Mandell V. Pres.," by "Nathan Herr, Pres." and also bore the signature "Jesse Lesser." A confessed judgment note which read "On demand . . . I promise

to pay" (there being no reference to a corporate or trade name) Todd $7500 at the rate of $100.00 a week bore the same signatures as the contract. Todd's check for $7500 payable to "Nathan Herr, Joe Mandell and Jesse Lesser" was delivered to the three payees; it was endorsed by them simply "Nathan Herr, Joe Mandell, Jesse Lesser" and deposited in the account of their corporation as part of its capital.

The restaurant became insolvent in 1971, leaving an unpaid balance due Todd of $4527.88. Todd procured a judgment by confession for this amount against Herr, Mandell and Lesser. Lesser moved to vacate the judgment against him on the ground that he had not signed the note, whereupon Todd filed an amended declaration, accompanied by a motion for summary judgment. The first count was on the promissory note. The second count was based on the check; it alleged that Todd made a loan to Herr, Mandell and Lesser in the amount of $7500 "represented by cancelled check No. 4712, drawn on Maryland National Bank: that Defendants received said check on August 24, 1970, endorsed the same in blank and cashed the same on August 25, 1970. . . ."

Judge Charles D. Harris, sitting without a jury in the Superior Court of Baltimore City, heard testimony from George Hammerbacher, the general manager of Todd, who arranged and consummated the loan. He testified that Lesser had signed the note. Lesser testified that he had not signed the note. Judge Harris reserved decision until Lesser answered the amended declaration and its accompanying motion for summary judgment.

In his plea, Lesser claimed he was never indebted and had never promised as alleged. His answer said that there was a genuine dispute as to material facts. In his affidavit in opposition to the motion for summary judgment, Lesser said he had been a stockholder and employee of Nate's and Joe's Pressbox, Inc.; that Mandell arranged for the loan; that Todd requested that he sign the note, that he refused, telling Todd he was not an of-

ficer, but that Mandell and Herr were; that "the funds derived from the loan" were deposited in the corporation's bank account and "used for working capital"; that he "never personally received either the use or benefit of any of said funds"; that all payments in curtailment of the loan were made by the corporation; and that "[i]t was, is, and always has been my [Lesser's] impression and understanding that the loan was made to the corporation and that only the corporation would be responsible for the payment of said loan. If I were informed at any time prior to the making of the loan that I was to be personally responsible for the repayment then the loan would not have been accepted."

Judge Harris heard further testimony from Lesser and Hammerbacher and vacated the judgment by confession. On Todd's claim against Lesser on the check, Judge Harris said:

> "This check was made payable to all three defendants individually, and all three defendants endorsed it in blank without reservations of any kind. Parol evidence by Mr. Lesser was introduced so that he could attempt to show that he endorsed the check with the reservation that he was not to be personally liable. This contention was flatly contradicted by Mr. Hammerbacher, on behalf of the plaintiff, who testified in definite and precise terms that no such understanding or agreement was ever suggested by Mr. Lesser, much less accepted by the plaintiff. The corporate name of the enterprise was never mentioned, either as a payee or as an endorser.

> "It seems to me that Mr. Lesser has failed to rebut the presumption that, as a payee and endorser of the check, he is jointly liable with the other two defendants. . . .

"On the evidence, I must hold that, in the absence of any indication on the endorsement and any convincing evidence that Mr. Lesser signed in a representative or otherwise limited capacity, he has failed to rebut the presumption of his liability. The evidence shows that he is an experienced business man. It is difficult to accept his explanation that he endorsed the check with an understanding that he was not to be personally liable. The fact that he personally received no part of the proceeds of the check is immaterial. See *Uniform Commercial Code,* Article 95B, Section 3-402."

We think Judge Harris was right in finding that Lesser was personally liable. Indeed, Todd was entitled to a summary judgment in its favor. Lesser did not challenge in any way or to any extent Todd's allegations that he endorsed the check and that he endorsed it without indicating that he intended to limit the effect of his signature. Lesser did not claim in his affidavit in opposition to summary judgment that there was an agreement or understanding with Todd that his personal unrestricted and unlimited signature was to be accepted in a representative capacity. In these circumstances, the Uniform Commercial Code does not allow parol evidence to limit or restrict his individual responsibility and makes him individually liable for the amount of the check he unambiguously endorsed.

Maryland Code (1957, 1964 Repl. Vol.) Article 95B, § 3-402, reads:

"Unless the instrument clearly indicates that a signature is made in some other capacity it is an indorsement."

The Official Comment says:

"The revised language is intended to say that any ambiguity as to the capacity in which a

signature is made must be resolved by a rule of law that it is an indorsement. Parol evidence is not admissible to show any other capacity, except for the purpose of reformation of the instrument as it may be permitted under the rules of the particular jurisdiction. The question is to be determined from the face of the instrument alone, and unless the instrument itself makes it clear that he has signed in some other capacity the signer must be treated as an indorser.

"The indication that the signature is made in another capacity must be clear without reference to anything but the instrument. . . ."

*Lightner v. Roach*, 126 Md. 474, 95 A. 62 (1915), construing former § 84 of Article 13 of the Code, held that the language in the present § 3-402 is to be taken literally and that the status of the person it describes is absolutely fixed by it and cannot be changed by parol proof. See also *Bostwick Banking Company v. Arnold*, 227 Ga. 18, 178 S.E.2d 890 (1970) ; *Lange v. Shapiro*, 68 Ill. App. 2d 433, 216 N.E.2d 294, 296 (1966) ; *A. J. Armstrong, Inc. v. Janburt Embroidery Corp.*, 97 N. J. Super. 246, 234 A. 2d 737, 745 (1967) ; and *Manufacturers Hanover Trust Co. v. Eisenstadt*, 64 Misc. 2d 397, 315 N.Y.S.2d 19 (1970). *Bradley v. Louisville Food Products Co.*, 139 Md. 385, 114 A. 913 (1921), also construing former § 84 of Article 13 of the Code, held that the language now used in § 3-402 converts the liability of one placing his name on the back of a negotiable paper from a primary to a secondary one, *i.e.*, the liability is no longer joint but several. § 3-403 of Article 95B deals with situations where an instrument does or may offer evidence of a signing in a representative capacity. That is the kind of situation dealt with in *Leahy v. McManus*, 237 Md. 450, 206 A. 2d 688 (1965) and *Emala v. Walter G. Coale, Inc.*, 244 Md. 159, 223 A. 2d 177 (1966), on which Lesser in

part relies. The endorsed check presently involved gave no indication whatever of any ambiguity.

The parol evidence presented to and considered by Judge Harris would not change the result. Lesser urges that Hammerbacher's testimony was so inherently contradictory as to be worthless and without probative force. Judge Harris found to the contrary, holding that Hammerbacher testified "in definite and precise terms" that no understanding or agreement was ever suggested by Lesser, "much less accepted" by Todd. The record supports the holding and it was not therefore clearly erroneous. Maryland Rule 886. Further, Lesser does not himself claim an agreement that his signature on the back of the check would not make him personally liable. In effect, his claim is that he did not, as a layman, think that it would and that had someone so told him, he would not have accepted the loan. Clearly, this is not enough to relieve him of responsibility.

*Judgment affirmed with costs.*