In re Estate of William E. Folksdorf, Deceased. Harold R. Weinacker, Appellee, v. Earl Spiegler, Administrator De Bonis Non With Will Annexed of Estate of William E. Folksdorf, Deceased, Appellant.

Gen. No. 40,930.

Heard in the third division of this court for the first district at the October term, 1939. Opinion filed April 10, 1940.

FRANK MOLAND, of Chicago, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for appellee; DAVID F. ROSENTHAL, LOUIS A. KOHN and THOMAS H. ALCOCK, all of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Plaintiff Harold R. Weinacker, as owner of a note secured by a trust deed, covering certain real estate in Chicago, filed a claim in the probate court against the estate of the mortgagor. The administrator paid no part of the claim, although there were two parcels of property scheduled in the estate, in addition to other assets. After petitioning the administrator to sell the property pledged to secure the claim and after the administrator refused to obey the terms of a court order directing him so to do, the plaintiff foreclosed his trust deed in the circuit court. The moneys realized at the foreclosure sale were insufficient to pay the total mortgage indebtedness. A claim of $811.15 was allowed by the probate court and was affirmed by the circuit court, from which order this appeal is taken.

The trial court approved the master's report and found the total amount due in the State court to be $2,709.86, for which amount the premises were sold. Plaintiff bid $2,100 and received a certificate of sale with a deficiency of $811.15, which the court ordered paid out of the income during the period of redemption.

Plaintiff filed his petition in the probate court, setting forth that out of said $2,100 realized at the sale, the sum of $1,108.20 was paid him after deductions of $118.20 for master's fees and expenses; $375 for taxes and $120.60 for title examinations and that the claim, after the application of said balance was reduced to $811.15 with interest from March 16, 1937 and the probate court ordered the claim reduced to $811.15 and ordered the administrator to sell the real estate and to pay the claim. On an appeal to the circuit court a similar order was entered.

No point is raised on the pleadings.

The claimant says that he is entitled to receive $811.15 from the real estate on the theory that said amount is still due him by reason of the sale of said real estate for less than the amount found due by the decree of foreclosure.

Defendant appellant contends that the debt allowed as a claim in the probate court for $1,793.73 was satisfied by the purchase of said real estate for $2,100; that the plaintiff has no deficiency judgment and elected to and did obtain complete satisfaction of the mortgage indebtedness by appropriating the real estate and the income during the period of redemption in full of the reported deficiency.

It appears from the evidence that plaintiff's claim was filed on August 4, 1933, just prior to the expiration of the statutory year in which to file claims; that said claim was based upon a note which was not due until October 26, 1933; that there are two parcels of property involved, namely the Hancock street property and the LeMoyne street property; that the LeMoyne street property was conveyed by a trust deed as security for said note owned by plaintiff; that the administrator failed to comply with an order of the probate court dated June 9, 1936, rendered on the petition of plaintiff, directing him to sell the LeMoyne street property, and that thereafter plaintiff instituted foreclosure proceedings in the circuit court of Cook county, Illinois; that the foreclosure decree of February 17, 1937, provided that all tax advancements, title charges, attorneys' fees, master's fees and court costs be paid first, from the proceeds of any sale; that while the master turned over $1,603.70 to plaintiff out of the proceeds of the foreclosure sale, nevertheless, after said title charges and tax advancements were paid, the net proceeds of said sale applied on the mortgage debt amounted to only $1,107.60; that no net income was realized by the State court receiver during the 15 months' period of redemption for application on the deficiency, and as a matter of fact plaintiff advanced an additional $600 to rehabilitate the property, which amount has not been repaid and constitutes no part of the claim herein asserted in the amount of $811.15, which claim was allowed by the probate court and affirmed by the circuit court.

The order appealed from in addition to directing the administrator to sell the Hancock street property, held that there was $811.15 still due and owing to plaintiff.

We gather from plaintiff's brief that because the plaintiff was the purchaser at the sale and bid $2,100, and at the conclusion of the period of redemption obtained the premises, such action on the part of the defendant was an election which would preclude the defendant from further pursuance of his debt and was to be considered as payment of the entire indebtedness. We do not understand the law as so holding. It has long been the law in this State, as evidenced by the decision in the case of *Vansant v. Allmon,* 23 Ill. 30, wherein it was said:

"A creditor by note and mortgage may pursue several remedies until his debt is satisfied."

In *Rohrer v. Deatherage,* 336 Ill. 450, the court at p. 455, said:

"Upon default in the condition of the mortgage, the mortgagee has the right to possession against the mortgagor, his grantee, lessee, or anyone claiming under him by any right. In such case the mortgagee has several remedies which he may pursue to enforce the payment of his debt. He may sue the mortgagor in assumpsit for a judgment upon the personal obligation; he may sue in equity for the foreclosure of the mortgage; or he may recover the possession of the mortgaged property by an action of ejectment. These remedies are concurrent or successive, as the mortgagee may deem proper, and he may pursue any two or all three of the remedies simultaneously."

Although plaintiff has the right to pursue the remedies provided by law, he is entitled to but one satisfaction. The amount remaining due in the foreclosure proceeding should be paid the same as any other part of the indebtedness and the mere fact that the creditor was the sole bidder at the master's sale and that he

eventually secured the property at the price which he bid, which left a deficiency to be paid in the future, is no reason why he should be precluded from following any other remedy necessary in order to obtain the balance which was due him.

We think both the circuit court and the probate court did right in allowing the claim against the estate of the deceased, and for the reasons herein given the order of the circuit court is affirmed.

*Order affirmed.*

HEBEL and BURKE, JJ., concur.